**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**LINDA ANN YOUNG,**

        **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　　　　**Case No.  6:14-cv-223-Orl-DAB**

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**

_____

# Memorandum Opinion & Order

The Plaintiff brings this action pursuant to the Social Security Act (the Act), as amended, Title 42 United States Code Section 405(g), to obtain judicial review of a final decision of the Commissioner of the Social Security Administration (the Commissioner) denying her claim for Disability Insurance Benefits under the Act.

The record has been reviewed, including a transcript of the proceedings before the Administrative Law Judge (ALJ), the exhibits filed and the administrative record, and the pleadings and memoranda submitted by the parties in this case. Oral argument has not been requested.

For the reasons that follow, the decision of the Commissioner is **affirmed.**

## I.     BACKGROUND

### A.     Procedural History

Plaintiff filed for a period of disability, and disability insurance benefits on December 30, 2010 alleging an onset of disability on December 15, 2007, due to cervical cancer, osteoporosis, short bowel syndrome and digestive problems. R. 66-69, 190-93. Her application was denied initially and on reconsideration R. 59-72. After she filed a request for hearing, an attorney Adjudicator issued a fully favorable decision on August 4, 2011, finding Plaintiff disabled, thus, the Administrative Law

Judge Guy E. Taylor (hereinafter referred to as "ALJ") dismissed Plaintiff's request for hearing based on the favorable decision. R. 73-80, 81-84. However, the Appeals Council reviewed the decision and, on January 5, 2012, remanded it to the ALJ for further proceedings. R. 85-91. The pertinent portion of the remand order directed the ALJ to:

> Further develop the evidence of record, including, if available, updated records from the claimant's treating and examining sources (20 CFR 404.1512). If further warranted and available, the Administrative Law Judge may request consultative examinations and medical source statements about what the claimant can still do despite the impairments. The Administrative Law Judge may enlist the aid and cooperation of the claimant's representative in developing evidence from the claimant's treating sources.

R. 88-89.

The ALJ held a hearing on April 18, 2012 in Kansas City, Missouri where Plaintiff was represented by an attorney, Randall J. Fuller. R. 25-58. In a decision dated June 20, 2012, the ALJ found Plaintiff not disabled as defined under the Act through the date of his decision. R. 12-24. Plaintiff timely filed a Request for Review of the ALJ's decision, which the Appeals Council denied on August 13, 2013; the Appeals Council subsequently granted an extension of time for Plaintiff to file a civil action. R. 4-8. Plaintiff filed this action for judicial review on February 10, 2014. Doc. 1.

### B. Medical History and Findings Summary

Plaintiff was born on March 2, 1954. R. 190. She has a high school education and took a few college courses. R. 30. She has past relevant work experience as a data entry clerk. R. 20, 54. Plaintiff's medical history is set forth in detail in the ALJ's decision. By way of summary, Plaintiff was treated for cervical cancer in 2002-2003 with radiation and chemotherapy, had been cancer free since 2003, but a side effect was problems with her bowels. R. 59, 63. Plaintiff's date last insured is December 31, 2012. R. 17.

After reviewing Plaintiff's medical records and Plaintiff's testimony, the ALJ found that Plaintiff suffered from celiac sprue; history of treatment for cancer of the cervix, without recurrence; and osteoporosis, which were "severe" medically determinable impairments, but were not impairments severe enough to meet or medically equal one of the impairments listed in Appendix 1, Subpart P, Regulations No. 4. R. 17. The ALJ determined that Plaintiff retained the residual functional capacity (RFC) to perform light work as defined in 20 CFR 404.1567(b) except she could only stand/walk six hours in an 8-hour day and sit six hours in an 8-hour day. She had unlimited ability to use her upper extremities to push and pull and due to complaints of concentration problems, is limited to work with an SVP of 4 or less due to her stated limits in concentration. R. 18. Based upon Plaintiff's RFC, the ALJ determined that she could perform her past relevant work as a data entry clerk which is sedentary in exertion and semi-skilled (SVP 4), according to the vocational expert; this work did not require the performance of work-related activities precluded by claimant's residual functional capacity. Accordingly, the ALJ determined that Plaintiff was not under a disability, as defined in the Act, from December 15, 2007 through the date of the decision. R. 20.

Plaintiff now asserts a single point of error. She argues that the ALJ erred by not developing the Record as required. For the reasons that follow, the decision of the Commissioner is **AFFIRMED**.

## II.   STANDARD OF REVIEW

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is more than a scintilla – *i.e.,* the evidence must do more than merely

create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995), *citing Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

"If the Commissioner's decision is supported by substantial evidence, this Court must affirm, even if the proof preponderates against it." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n. 8 (11th Cir. 2004). "We may not decide facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner.]" *Id.* (internal quotation and citation omitted). *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord, Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

The ALJ must follow five steps in evaluating a claim of disability. *See* 20 C.F.R. §§ 404.1520, 416.920. First, if a claimant is working at a substantial gainful activity, she is not disabled. 20 C.F.R. § 404.1520(b). Second, if a claimant does not have any impairment or combination of impairments which significantly limit her physical or mental ability to do basic work activities, then she does not have a severe impairment and is not disabled. 20 C.F.R. § 404.1520(c). Third, if a claimant's impairments meet or equal an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1, she is disabled. 20 C.F.R. § 404.1520(d). Fourth, if a claimant's impairments do not prevent her from doing past relevant work, she is not disabled. 20 C.F.R. § 404.1520(e). Fifth, if a claimant's impairments (considering her residual functional capacity, age, education, and past work) prevent her from doing other work that exists in the national economy, then she is disabled. 20 C.F.R. § 404.1520(f).

## III.    ISSUES AND ANALYSIS

### Development of the Record

Plaintiff argues that the ALJ erred in failing to fully and fairly develop the record in light of the Appeals Council's review and remand of the case to the ALJ for further proceedings. The Commissioner contends the ALJ's decision that Plaintiff is not entitled to disability benefits is supported by substantial evidence and decided by the appropriate legal standards.

The ALJ is to determine the claimant's residual functional capacity ("RFC") based on all relevant evidence of a claimant's remaining ability to do work despite her impairments. 20 C.F.R. § 404.1545(a); *Lewis v. Callahan*, 125 F.3d 1436,1440 (11th Cir. 1997). The focus of the RFC assessment is typically based on the doctor's evaluation of the claimant's condition and the medical consequences thereof. *Id.* Substantial weight must be given to the opinion, diagnosis and medical evidence of treating physicians unless there is good cause to do otherwise. *See Lewis*, 125 F.3d at 1440; 20 C.F.R. §§ 404.1527(d), 416.927(d). The Administrative Record in this case did not contain the medical records from one of Plaintiff's treating physician's for the relevant time period.

The ALJ has a duty to fully and fairly develop the record. *Welch v. Bowen*, 854 F.2d 436, 438 (11th Cir. 1988). Where an unrepresented claimant has not waived the right to retained counsel, the ALJ's obligation to develop a full and fair record rises to a special duty. *See Graham v. Apfel*, 129 F.3d 1420 (11th Cir. 1997). The Commissioner argues that the ALJ developed a full and fair record in this case, thus, the ALJ's decision was based on substantial evidence.

Following the remand by the Appeals Council to the ALJ, the ALJ held the administrative hearing as directed. R. 25-58. Plaintiff testified during the hearing that she saw Dr. Feiner, a gastroenterologist (in Florida), upon referral from Dr. Kidd. R. 38. Plaintiff was seen by Dr. Kidd in 2007 and 2008. R. 254-64. Dr. Kidd's records contain Plaintiff's complaints of celiac sprue,

depression, osteoporosis, and history of cervical cancer, as well as a past surgical history of bowel resection. R. 258, 263. In May 2008, she was sleeping better, her anxiety had lessened, and she was job hunting. R. 256. In September 2008, she reported to Dr. Kidd the inability to tolerate fresh vegetables and fiber because they caused discomfort and "diarrhea fairly frequently." R. 254. At M.D. Anderson Cancer Center Orlando where she was seen for follow up of her cervical cancer in December 2008, Plaintiff reported she was doing much better in terms of her radiation proctitis, but it require her to be completely compliant on her gluten-free diet. R. 289.

Plaintiff reported at the March 2011 consultative examination with Dr. Morrow that she had a six year history of abdominal pain associated with her diagnosis of celiac sprue, bowel damage that required a partial colonic resection in 2005, and she had developed diarrhea after undergoing radiation in 2005; she reported not being on "medical management" at the time of the consultative exam. R. 295.

At the hearing held on April 18, 2012, Plaintiff testified that if she ate anything it caused her diarrhea and malnutrition and dehydration, and she had "frequent incontinence or bowel movements" about 15 times per day. R. 33-35. She said she did not follow up with doctors because she was told that she would never be normal again. R. 37. She has had accidents at the grocery store and at her past work, but at work she was not reprimanded for frequently going to the bathroom because they understood that she had just come back from the cancer treatment and she was still not well. R. 45. She took over the counter medications to help try to slow down her bowel movements. R. 46-47.

Also at the hearing, the following exchange took place between the ALJ and Plaintiff's counsel at the administrative level, Mr. Fuller:

> ALJ: Also, as another preliminary matter, Mr. Fuller, the one thing that I notice and that does concern me is that - I'm sure you have seen the Appeals Council's order in this case. That, the decision was based on what appears to be the very same information that's currently in this file. In other words, I could not find any additional

medical, medical records that had been submitted. Are you saying, by that, that there are no additional medical records to be submitted for this file?

REP: Correct. There are not, Your Honor. Her last visit, the visit in January of 2010, to the Cancer Center, that's in the exhibit and then the CE that was done last year.

ALJ: All right.

R. 28-29.

The ALJ stated to Plaintiff's counsel at the administrative level (Mr. Fuller), "Clearly we need to try to get records from Dr. Feiner. That's certainly extremely relevant in light of . . . the Appeals Council's decision." R. 39.  When the ALJ took testimony from the non-examining state consultant, the ALJ stated, "One of the problems that I have in this file, and you may have noticed it as well, is just simply the fact that beyond January of, of 2010 there were no treatment records in the file." R. 51.  The testifying medical expert agreed and stated he would expect a patient to have ongoing treatment if they had a history of cervical cancer. *Id*.

At the end of the hearing, the ALJ told Plaintiff's counsel that he would leave the record open until May 11, 2012 to give him the opportunity to submit Dr. Feiner's records. R. 57.  The ALJ went on to say "But with, of course, the understanding that if, if [Mr. Fuller] does not get those records in and cannot do so, then I'll go ahead and write the decision regardless of whether the record is in the file or not." R. 58. Plaintiff responded, "Fair enough." R. 58.  The ALJ explained to Mr. Fuller if he needed an extension of time to submit the records then he just had to send him a request in writing. R. 57.

The record contains a request[1] from Mr. Fuller for an additional twenty days to submit Dr. Feiner's records; the Administrative Record Index notes the date of the correspondence is May 14, 2012.  R. 250. Having waited more than twenty days, on June 20, 2012, the ALJ issued his

---

[1] Mr. Fuller apparently submitted the 20 day extension request electronically.

-7-

Case 6:14-cv-00223-DAB   Document 21   Filed 02/05/15   Page 8 of 14 PageID 368

unfavorable decision and noted that "After the hearing, the record was held open for receipt of records from the doctor who diagnosed claimant's celiac sprue condition (Dr. Feiner), but none were submitted." R. 18. Plaintiff argues that the ALJ failed to fully and fairly develop the record by not attempting to obtain Dr. Feiner's records himself[2] or by sending Plaintiff out for a gastrointestinal consultative examination.

The Commissioner contends that the AC's directive to the ALJ to obtain additional medical records from Plaintiff's treating and examining sources was only "if available," and to obtain a consultative examination or other medical source statements, "if warranted," to determine whether the frequency of Plaintiff's need for bathroom breaks could be established with medical support. R. 88-89. The AC specifically indicated the ALJ "may enlist the aid and cooperation of the claimant's representative in developing evidence from the claimant's treating sources." R. 89.

The Commissioner argues that the ALJ did not issue his hearing decision until June 20, 2012, which was well after the additional 20 days had run from the date of Mr. Fuller's extension request on May 14, 2012; ultimately, Mr. Fuller never submitted Dr. Feiner's records to the ALJ. The Commissioner also notes that Mr. Fuller never submitted Dr. Feiner's records to the Appeals Council with his very detailed request for review (R. 9-11), nor has Plaintiff's current appellate counsel submitted Dr. Feiner's records with the appeal to this court, thus, the Commissioner argues, common sense would conclude the records are not available. Once Mr. Fuller undertook to obtain the records, it was no longer the ALJ's responsibility to get them unless Mr. Fuller asked for the ALJ's assistance. The request for extension from Mr. Fuller said "At this time I respectfully request a twenty (20) day extension to file these medical records." R. 250. This request did not say Mr. Fuller could not obtain

---

[2]The SSA did not obtain the records in the normal course of the application because Plaintiff had not listed Dr. Feiner on the application under "Medical Treatment." R. 209-12.

the records, needed the ALJ's assistance, or requested the ALJ's help. Nor, as the Commissioner recognizes, have Dr Feiner's records ever been submitted.

Plaintiff alternatively argues that the necessary information about her condition was missing from the record and the ALJ had a duty to fully develop record about the severity and functional limitations arising from Plaintiff's celiac sprue. She argues that the AC noted in the remand order that an updated consultative examination might be necessary and the ALJ also noted that Dr. Feiner's notes were "certainly extremely relevant in light of . . . the Appeals Council's decision," yet the ALJ did not order the consultative exam. R. 39, 88-89. Plaintiff points out her reports to the Social Security Administration in a disability report that her health issues had "nothing to do with mobility" but were "an internal health problem" and she could not afford to see the doctor because she had no health care insurance. R. 231. She concedes that her attorney, Mr. Fuller, never requested a consultative examination, but argues that the ALJ still had the duty to develop a full and fair record, and he did not when he issued an unfavorable decision without even attempting to determine the severity and functional limitations arising form her celiac sprue. She cites the Social Security Regulations which require a consultative examination "when necessary information is not in the record and cannot be obtained from the claimant's treating medical sources or other medical sources." *Doughty v. Apfel*, 245 F.3d 1274, 1280 (11th Cir. 2001) (citing 20 C.F.R. § 404.1519a(b)).

The Commissioner argues that despite the ALJ's basic obligation to develop a full and fair record, "there must be a showing of prejudice before it is found that the claimant's right to due process has been violated to such a degree that the case must be remanded to the [Commissioner] for further development of the record," and the claimant retains the burden of proving she is disabled and producing evidence to support his claim. Doc. 20 at 7 (citing *Graham v. Apfel*, 129 F.3d at 1423; *see*

*Kelley v. Heckler*, 761 F.2d 1538, 1540-41 (11th Cir. 1985); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987)).

The Commissioner argues that the ALJ ultimately determined that Plaintiff's credibility on her subjective complaints regarding her frequent need to use the bathroom was not supported by the record and she failed to show Dr. Feiner's reports would have overcome the substantial evidence supporting the ALJ's decision. The Commissioner also argues that she was not shown how she was prejudiced by the ALJ's actions in developing the record. The Commissioner argues that the ALJ's determination of Plaintiff's credibility was based on substantial evidence, including based on her own statements.

In considering a Plaintiff's subjective complaints, the ALJ must consider all of a claimant's statements about her symptoms, including pain, and determine the extent to which the symptoms can reasonably be accepted as consistent with the objective medical evidence. 20 C.F.R. § 404.1528. In determining whether the medical signs and laboratory findings show medical impairments which reasonably could be expected to produce the symptoms alleged, the ALJ must apply the Eleventh Circuit's three-part standard which requires: (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged symptoms arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged symptoms. *Foote*, 67 F.3d at 1560 (quoting *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir. 1991).

The Commissioner argues that the Appeals Council ("AC") reversed the fully favorable Attorney Advisor decision in part because the Attorney Advisor's finding that Plaintiff's frequent bathroom breaks due to uncontrollable diarrhea would preclude all work did not have support in the medical records verifying the frequency and length of the bathroom breaks Plaintiff alleged she

needed during a work day. R. 87-89.  The Commissioner argues that the AC essentially found the Attorney Advisor's credibility determination faulty because it was not supported by any medical evidence and a claimant's subjective complaints alone cannot establish disability under the regulations. Doc. 20 at 5 (42 U.S.C. § 423(d)(5)(A); 20 C.F.R. § 404.1529(a); Social Security Ruling (SSR) 96-7p, 61 Fed. Reg. 34483, 34484 (1996)).

The Commissioner contends that, while the ALJ was unable to review Dr. Feiner's records, he did not fail to properly develop the record because he obtained the testimony of Dr. Sklaroff, a medical expert, to address the specific issue identified by the Appeals Council as requiring more development, Plaintiff's multiple bowel movements.  R. 49.

When an ALJ decides not to credit a claimant's testimony about pain, the ALJ must articulate specific and adequate reasons for doing so, or the record must be obvious as to the credibility finding. *Jones v. Department of Health and Human Services*, 941 F.2d 1529, 1532 (11th Cir. 1991) (articulated reasons must be based on substantial evidence).  A reviewing court will not disturb a clearly articulated credibility finding with substantial supporting evidence in the record.  As a matter of law, the failure to articulate the reasons for discrediting subjective pain testimony requires that the testimony be accepted as true.  *Foote*, 67 F.3d at 1561-62; *Cannon v. Bowen*, 858 F.2d 1541, 1545 (11th Cir. 1988).

The ALJ considered Plaintiff's complaints regarding frequent diarrhea and noted that she repeatedly either failed to mention problems or denied having them:

> Claimant alleges disability beginning December 15, 2007. On February 15, 2008, she attended a physical exam and had depression, celiac sprue, and history of cervical cancer (Ex lF/12). There is another undated note in 2008 stating claimant's depression and anxiety were worse and she had frequent bowel movements. At that time, she took no medication (Ex lF/9). By May 12, 2008, claimant was "doing better," sleeping better, and had less anxiety. Further, she was job hunting and felt better about how she dealt with stress. There is no mention that she had bowel problems (Ex lF/6). On September 3, 2008, she was under a lot of stress and had fairly frequent diarrhea. Her

-11-

only medications were Fluoxetine (Prozac) and a medication for osteoporosis. She was advised to try fiber supplements since she did not tolerate fresh fruit and vegetables, and was told to continue taking her medications. She was to follow up in three months or sooner, as needed and diagnosed with osteoporosis with noncompliance with medication, depression, celiac sprue, and irritable bowel syndrome (Ex lF/4-5).

When seen at the Cancer Center for a routine follow up on December 8, 2008, claimant was "much better" in terms of her radiation proctitis, which the doctor noted required her to be completely compliant on her gluten-free diet The undersigned notes symptoms associated with radiation proctitis are diarrhea and the urgent need to defecate. However, claimant was looking for employment at that time, which is an indication her symptoms were generally controlled (Ex 2F/5). Further, she completed a disability report that noted she attended college in 2009 for medical billing and coding (Ex 2E/3). The Administrative Law Judge notes claimant's college attendance during the time she alleges disability is inconsistent with an allegation of disability because attendance at college has been equated in the case law as being inconsistent with disability. *See Grace v. Sullivan,* 901F.2d 660,662 (8tl1 Cir. 1990), *Woods v. Bowen,* 854 F.2d 288, 291-2923 (8th Cir. 1988), and *Gay v. Sullivan,* 986 F.2d 1336 (10th Cir. 1993).

When seen in follow up at the Cancer Center on January 6, 2010, claimant was disease free, doing well, and without complaints. Although claimant testified she did not mention her bowel problems at this appointment because the doctor is an oncologist, the report shows claimant was asked about weight loss/gain, atihralgias, fevers, etc., including diarrhea and the report specifically stated "no" diarrhea or constipation. Based on having past discussions with her oncologist about problems with radiation proctitis as a result of her chemotherapy, the undersigned finds claimant most likely would have discussed ongoing bowel symptoms with her oncologist if they were present. On exam that day, she had positive bowel sounds and a soft, nontender, and nondistended abdomen. The undersigned does not find it credible that if claimant had 15 bowel movements a day, she would not have mentioned it to her treating physician (Ex 2F/7-8). The undersigned also finds that if her symptoms were not fairly well controlled by following a gluten-free diet, claimant would have sought futiher treatment. In fact, claimant submitted a medication form indicating she takes Imodium for diarrhea "when necessary." She reported the diarrhea occurs "when I have eaten gluten possibly" because some foods tend to cause this (Ex l lE). The undersigned finds claimant takes medication when necessary and may have increased symptoms when not strictly following a gluten-free diet, as she indicates on the form.

Claimant attended a consultative exam by Shawn R. Morrow, D.O., on March 5, 2011. Claimant's chief complaint was cervical cancer with short bowel syndrome, noting she had up to 15 bowel movements daily despite a gluten-free diet Her exam was essentially normal but for nonspecific abdominal tenderness on palpation (Ex 3F).

R. 18-19.

Dr. Sklaroff, a board certified oncologist, noted Plaintiff takes over-the-counter Imodium "off and on" as needed, but not all the time, to address her bowel problems. R. 46, 248. He testified that after cancer treatment it would *not* be "relatively common" for individuals to have multiple bowel movements despite a gluten free diet. R. 49. He testified that there are medications they can be given to alleviate the condition but he did not have the progress notes to define exactly what was happening to manage the problem. R. 49. When the ALJ asked whether (as Plaintiff testified) prescribed medication Plaintiff had taken for about two years would help the diarrhea, he responded that it would; Plaintiff testified that she had taken Lomotil, and Dr. Sklaroff testified that both Imodium and Lomotil were available in prescription strength. R. 50. He testified that Plaintiff also had been prescribed a narcotic Loracet which could cause constipation; but if (as Plaintiff had previously testified) she was having constipation, he testified, then that must mean that the diarrhea was controllable. R. 50. Patients can alternate between diarrhea and constipation, Dr. Sklaroff testified, so the physician would have to titrate the medicine accordingly, which would require ongoing treatment. R. 51. However, there were no treatment records for Plaintiff beyond January 2010, and Dr. Sklaroff opined that Plaintiff was not disabled, particularly because she could achieve her constipation status, and the major reason for her having a problem was multiple bowel movements, but that was something he opined was manageable. R. 52. He also pointed out that there was a medical progress note that she was trying to get a job, notwithstanding the issues that she was experiencing medically, which suggested that there was no reason why that effort could have been forestalled. R. 52.

As the Commissioner points out, Plaintiff reported that she looked for work in 2008 (R. 32) and attended job training classes in 2009 for medical billing and coding (R. 207), which the ALJ noted, was "an indication her symptoms were generally controlled" and inconsistent with a claim of

-13-

disability. R. 19. The Commissioner also argues that the medical evidence undercuts Plaintiff's position because when seen for follow up at the MD Anderson Cancer Center on January 6, 2010, Plaintiff was doing well, without complaints, and had had no changes since the exam one year before. R. 287. Although Plaintiff testified she did not mention her bowel problems at this appointment because the doctor was an oncologist, the report shows in the "Gastrointestinal" section that the physician specifically asked Plaintiff about it and the report specifically stated "no diarrhea or constipation." R. 287. Based on the medical records which showed Plaintiff's diarrhea problems were under control and her lack of complaints into 2010, ALJ was not required to order a second consultation examination (following the March 2011 exam), or one by a gastroenterologist. The ALJ's decision that Plaintiff was not disabled was based on substantial evidence, *i.e.*, the lack of diarrhea problems in the medical records, as well as Plaintiff's attempts to look for work in 2008 and the vocational training classes in 2009.

## IV.  CONCLUSION

For the reasons set forth above, the ALJ's decision is consistent with the requirements of law and is supported by substantial evidence. Accordingly, the Court **AFFIRMS** the Commissioner's decision pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk of the Court is directed to enter judgment consistent with this opinion and, thereafter, to close the file.

**DONE** and **ORDERED** in Orlando, Florida on February 5, 2014.

*David A. Baker*

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record